UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Travis Orange, ) | Civil Action No.: 9:14-cv-03614-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Dennis Patterson, Division of Operation ) | |
| for SCDC; Levern Cohen, Warden ) | |
| Ridgeland CI; Mary Montoth, IGC; ) | |
| Investigator Hembrick; Randell Williams; ) | |
| and Terrell Housey, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Travis Orange, a state prisoner proceeding pro se, filed a complaint and amended complaint pursuant to 42 U.S.C. § 1983 against the above named Defendants alleging violations of his constitutional rights. *See* ECF Nos. 1 & 28. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Bristow Marchant made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 72. The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's case. *Id.* at 7-8, 23.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 72] of the Magistrate Judge. It is therefore **ORDERED** that Defendants' motion for summary judgment [ECF No. 57] is **GRANTED** and that this case is **DISMISSED** *with prejudice*.[2] The Court directs the Clerk to **CLOSE** this case.

**IT IS SO ORDERED.**

---

[2] Plaintiff also filed a motion to subpoena records from the South Carolina Department of Corrections on October 30, 2015; the docket indicates the motion has not yet been ruled upon. *See* ECF No. 67. However, the discovery phase of this case had expired before Plaintiff filed the motion. Local Civil Rule 26.04 requires that pretrial discovery in a civil case exempt under Federal Rule of Civil Procedure 26(a)(1)(B) must be completed within ninety days after the joinder of issues. Local Civil Rule 26.04 (D.S.C.); *see* Fed. R. Civ. P. 26(a)(1)(B) (exempting from initial disclosure an action filed by a person who is in state custody). "Joinder of issues occurs when the basic factual and legal questions raised by the parties 'crystallize' i.e., when [the] defendant answers or otherwise responds to the allegations set forth in [the] plaintiff's complaint." *Bachman v. M. Lowenstein & Sons, Inc.*, 85 F.R.D. 10, 12 (D.S.C. 1979). Here, joinder of the issues occurred at the latest on March 31, 2015, when Defendants filed and served their answer to Plaintiff's amended complaint. *See* ECF No. 45. Pretrial discovery therefore closed on June 29, 2015, four months before Plaintiff filed his motion to subpoena. Accordingly, to the extent Plaintiff's motion is not moot, the Court **DENIES** Plaintiff's motion [ECF No. 67] as untimely. *See Cash v. Thomas*, No. CIV.A.6:12-1278-DCN, 2013 WL 1826619, at *1 (D.S.C. Apr. 8, 2013) (applying Local Civil Rule 26.04 to a § 1983 plaintiff's "'motion to subpoena witnesses for declarations and affidavits'" and denying it as untimely because it was "an attempt to conduct discovery at this late stage of litigation").

Florence, South Carolina                                                s/ R. Bryan Harwell
December 11, 2015                                                       R. Bryan Harwell
                                                                        United States District Judge